IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRISTA TIDWELL                                                                    PLAINTIFF

v.                              Civil No. 04-6118

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                       DEFENDANT

## MEMORANDUM OPINION

### Factual and Procedural Background:

Plaintiff, Trista Tidwell, appeals from the decision of the Commissioner of the Social

Security Administration (hereinafter "Commissioner"), denying her application for

supplemental security income benefits (hereinafter "SSI"), pursuant to § 1602 of Title XVI, *42

U.S.C. § 1381a* of the Social Security Act (hereinafter "the Act").

Plaintiff was 31 years of age at the time of the administrative hearing and possesses a

twelfth grade education and training as a certified nurse's aide (T. 355, 356, 73, 103, 124).   She

has worked in the past as an assembly line worker, certified nursing assistant and cashier (T.

16).   Plaintiff asserts disability due to:   depression; fibromyalgia; arthritis; glaucoma; fatigue;

lupus; carpal tunnel/overuse syndrome; headaches; and, decreased memory/ability to

concentrate.

Plaintiff protectively filed her applications on May 23, 2001 (T. 51-52).   The Social

Security Administration denied  plaintiff's applications initially and on reconsideration.   She

then requested and received a hearing before an Administrative Law Judge (hereinafter "ALJ"),

which hearing was held on June 26, 2003 (T. 354-374), at which plaintiff was not represented

by counsel, and after which the ALJ rendered an unfavorable decision dated February 26, 2004

(T. 12-17).  On June 25, 2004, the Appeals Council denied the plaintiff's Request for Review of the hearing decision (T. 4-6), thus making the ALJ's decision the final decision of the Commissioner.  Plaintiff now seeks judicial review of the ALJ's unfavorable decision.  See *42 U.S.C. § 405(g)*.  Both parties have filed appeal briefs herein (Doc. #3 & 4), and this matter is now ready for consideration.

## Applicable Law:

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.2002)*.  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir.2003)*.  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari, 258 F.3d 742, 747 (8th Cir.2001)*.  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir.2000)*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity.  *Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see 42 U.S.C. § § 423(d)(1)(A),*

-2-

*1382c(a)(3)(A)*.  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *42 U.S.C. § § 423(d)(3), 1382c(3)(C)*.  A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See *20 C.F.R. § § 404.1520(a)-(f)(2003)*.  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  See *McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir.1982); 20 C .F.R. § § 404.1520, 416.920 (2003)*.

Further, the ALJ may discredit subjective complaints which are inconsistent with the record as a whole.  *Ownbey v. Shalala*, *5 F.3d 342, 344 (8th Cir.1993)*.  The law on this issue is clear.  Under *Polaski v. Heckler*, *739 F.2d 1320, 1321-22 (8th Cir.1984),* "an ALJ must look at five factors when determining the credibility of a claimant's subjective allegations of pain:  (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) aggravating and precipitating factors; (4) dosage, effectiveness and side effects of medication; and (5) functional restrictions." *Harris v. Shalala*, *45 F.3d 1190, 1193 (8th Cir.1995); see also*

AO72A
(Rev. 8/82)

*Baker v. Sec. of HHS, 955 F.2d 552, 555 (8th Cir.1992)*.  The absence of an objective medical basis which supports the subjective complaints of pain is just one factor to be considered in evaluating the credibility of a plaintiff's subjective complaints of pain.  *Polaski v Heckler, 751 F.2d 943, 948 (8th Cir.1984); see also, Chamberlain v. Shalala, 47 F.3d 1489, 1494 (8th Cir.1995)*.  The ALJ must "discuss" these factors in the hearing decision.  *Herbert v. Heckler, 783 F.2d  128, 131 (8th Cir.1986)(citing Polaski v. Heckler, 751 F.2d 943,  948-950 (8th Cir.1984))*.  Consideration must also be given to all the evidence presented related to the claimant's prior work history, and the observations of non-medical third parties, as well as treating and examining physicians related to the above matters.  *20 C.F.R. § 416.929; Social Security Ruling 96-7p; Polaski v. Heckler, 751 F.2d 943 (8th Cir.1984)*(subsequent history omitted).

        "While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced."  *Polaski v. Heckler, 739 F.2d at 1322.*

        To determine whether the ALJ properly applied the factors listed in *Polaski*, we must determine whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility.  *Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir.1987)*.  The ALJ's credibility assessment must be based on substantial evidence.  *Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir.1988).*

        Implicit in the ALJ's task of making a credibility determination is the requirement that

-4-

he "discuss" the *Polaski* factors. *Herbert v. Heckler, 783 F.2d at 130* (the *Polaski* cases and the Social Security Disability Reform Act of 1984 require that the Commissioner set forth the inconsistencies in the objective medical evidence presented and discuss the factors set forth in the *Polaski* settlement when making "credibility" determinations concerning claimant's subjective complaints of pain).

In summary, the ALJ must discuss and point out the inconsistencies in the record, in order to make a credibility determination. *Cline v. Sullivan, 939 F.2d 560, 565 (8th Cir.1991)* ("it is not enough that inconsistencies may be said to exist, the ALJ must set forth the inconsistencies in the evidence presented and discuss the factors set forth in *Polaski* when making credibility determinations"); *Herbert v. Heckler, 783 F.2d at 131* (even though evidence with respect to *Polaski* factors is in the record, those factors must be discussed in the decision).

"Nonexertional limitations are limitations other than on strength but which nonetheless reduce an individual's ability to work." *Asher v. Bowen, 837 F.2d 825, 827 n. 2 (8th Cir.1988).* Examples include "mental, sensory, or skin impairments, as well as impairments which result in postural and manipulative limitations or environmental restrictions." *Id.; See 20 C.F.R., Pt. 404, Subpart P, Appendix 2, §§200.00(e).*

Residual functional capacity is what a plaintiff can do despite her limitations, and it must be determined on the basis of all relevant evidence, including medical records, physician's opinions, and the plaintiff's description of her limitations. *Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir.2001);* see also, *Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir.1995); 20 C.F.R. §§416.945(a).*

-5-

When a plaintiff suffers from exertional and nonexertional impairments, as asserted here, and the exertional impairments alone do not warrant a finding of disability, the ALJ must consider the extent to which the nonexertional impairments further diminish the plaintiff's work capacity. *Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir.1988).* If the claimant's characteristics do not differ significantly from those contemplated in the Medical-Vocational Guidelines, the ALJ may rely on the Guidelines alone to direct a finding of disabled or not disabled. *Id.* That is to say, "an ALJ may use the Guidelines even though there is a nonexertional impairment if the ALJ finds, and the record supports the finding, that the nonexertional impairment does not diminish the claimant's residual functional capacity to perform the full range of activities listed in the Guidelines." *Id. at 349-50.* The United States Court of Appeals for the Eighth Circuit has explained as follows:

> In this context, "significant" refers to whether the claimant's nonexertional impairment or impairments preclude the claimant from engaging in the full range of activities listed in the Guidelines under the demands of day-to-day life. Under this standard isolated occurrences will not preclude the use of the Guidelines, however persistent nonexertional impairments which prevent the claimant from engaging in the full range of activities listed in the Guidelines will preclude the use of the Guidelines to direct a conclusion of disabled or not disabled.

*Id. at 350.* See also, *Holz v. Apfel, 191 F.3d 945, 947 (8th Cir.1999); Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir.1997); Lucy v. Chater, 113 F.3d 905, 908 (8th Cir.1997).*

Further, the prevailing rule, in the Eighth Circuit and elsewhere, is that "the report of a consulting physician who examined the claimant once does not constitute 'substantial evidence' upon the record as a whole, especially when contradicted by the evaluation of the claimant's treating physician." *Turpin v. Bowen, 813 F.2d 165, 170 (8th Cir.1987).* However, neither is

-6-

the opinion of the treating physician "conclusive in determining disability status, [since it] must be supported by medically acceptable clinical or diagnostic data." *Matthews v. Bowen, 879 F.2d 422, 424 (8th Cir.1989).* Moreover, the deference accorded a treating physician is premised upon a presumed familiarity with the plaintiff's condition. *See, e.g., Peterson v. Shalala 843 F.Supp. 538, 541 (D.Neb.,1993)* citing *Havas v. Bowen, 804 F.2d 783, 785 (2d Cir.1986).*

Finally, it should be noted that whenever adult claimants allege mental impairment, the application of a special technique must be followed at each level of the administrative review process. See *20 C.F.R. § 416.920a(a).*

The Commissioner is then charged with rating the degree of functional limitation, and applying the technique to evaluate mental impairments. See *20 C.F.R. § 416.920a(d).* Application of the technique must be documented by the Commissioner at the ALJ hearing and Appeals Council levels. See *20 C.F.R. § 416.920a(e).*

**Discussion:**

At the outset, we note that the record is replete with evidence concerning the plaintiff alleged subjective allegations and nonexertional limitations, including: depression (T. 211, 276, 239, 242, 366, 87, 199, 200, 201, 203, 207, 208, 232, 233, 241, 243, 275, 276, 288, 296, 299, 300, 301, 317, 346); headaches (T. 359, 67, 104, 118, 133, 152, 182, 212, 213, 220, 221, 222, 223, 226, 227, 230, 231, 232, 233, 310, 315, 317, 321, 322, 346, 350); decreased memory/ability to concentrate (T. 239, 360, 371, 372, 134, 241, 244, 323); fatigue (T. 13, 67, 85, 97, 104, 114, 115, 200, 203, 212, 217, 220, 233, 239, 241, 244, 288, 346); and, myalgias and pain. The record also amply supports the diagnoses and conditions which could reasonably

-7-

be found to cause such complaints, such as: fibromyalgia (T. 136, 147-148, 187, 213, 233, 236, 326-327, 358, 360, 97, 118, 275, 276, 296, 315, 316, 318, 321, 324, 342, 346, 131, 200, 205, 211, 212, 213, 221, 222, 223, 226, 227, 230, 231, 233, 239); arthritis (T. 364, 131, 135, 187, 200); glaucoma (T. 358, 67, 97, 118, 121, 190-196, 200, 211, 212, 213, 222, 223, 226, 227, 230, 231, 232, 233, 239, 275, 276, 296, 309, 317, 319, 324); lupus (T. 358, 360, 97, 118, 125, 131, 179, 182, 185, 200, 211, 212, 213, 220, 222, 223, 226, 227, 230, 231, 239, 275, 276, 296, 315, 316, 318, 321, 324, 342); and, carpal tunnel/overuse syndrome (T. 226, 227, 358, 97, 118, 227, 232, 239, 276, 275).

Further, the plaintiff alleges a lack of both finances and transportation affect her ability to obtain treatment and medication (T. 364, 365, 206, 212, 213, 300, 239, 243). She was on Medicaid for at least part of the relevant time period (T. 322), and was, upon occasion, able to obtain samples of prescription medication from her doctors (T. 213, 214, 313)

Plaintiff has seen and been treated by numerous doctors over the years, this despite the ALJ's reliance upon a lack of treatment as a basis for determining plaintiff's testimony is not credible (T. 15). Clearly, she allegedly suffers from numerous physical and mental impairments, many of which are supported by record evidence. Under these circumstances, the Social Security Act requires the Commissioner to consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient medical severity to be disabling. *See 20 C.F.R. § 404.1523; Cunningham v. Apfel, 222 F.3d 496, 501 (8th Cir.2000); Delrosa v. Sullivan, 922 F.2d 480, 484 (8th Cir.1991).* In the present case, the ALJ was obligated to consider the combined effects of plaintiff's numerous physical impairments, as well as her asserted mental impairments. *See id.* Here, the

-8-

impairments the ALJ found to be "severe", as contemplated by the regulations, are plaintiff's fibromyalgia, glaucoma, lupus, depression and headaches (T. 15). He found no evidence of medically determinable severe impairments due to carpal tunnel syndrome, loss of memory/ability to concentrate, fatigue and arthritis.

Notably, a careful reading of the ALJ's decision, along with a review of the administrative record, reveals an inadequate assessment of the totality of plaintiff's impairments. Rather, each impairment was discussed singly, found to have no medical evidence in support of its existence or not discussed, at all. The failure to consider the plaintiff's impairments in combination is reversible error.

In addition, although plaintiff has and has had numerous treating physicians, none of these physicians provided a residual functional assessment of the plaintiff's capabilities. The ALJ stated that he had considered the opinions of the non-examining state agency medical consultants, but did not rely upon them (T. 16).

**Conclusion:**

Accordingly, we conclude that the decision of the Commissioner, denying benefits to the plaintiff, should be reversed and this matter remanded for an reconsideration of the plaintiff's residual functional capacity, with particular attention to be paid to the combined effect of plaintiff's numerous impairments.

ENTERED this 22nd day of November, 2005.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)

-10-